CM/ECF LIVE - U.S. District Court:txwd

8/3/15 11:38 AM

CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (Waco)
### CRIMINAL DOCKET FOR CASE #: 6:09-cr-00191-WSS-14

Case title: USA v. Williams et al

Date Filed: 09/08/2009
Date Terminated: 10/30/2013

Assigned to: Judge Walter S. Smith

**Defendant (14)**

**Jade Ann Guilbeau**
*TERMINATED: 10/30/2013*
*also known as*
Jade Kuhn
*TERMINATED: 10/30/2013*

represented by **Jade Ann Guilbeau**
39764-177
FCI
501 Capital Circle NE
Tallahassee, FL 32501
PRO SE

**Steven Kendall Striegler**
Law Offices of Steven Striegler
P.O. Box 1683
Belton, TX 76513
(254) 526-8888
Fax: 254/526-7547
Email: skslawyer@yahoo.com
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

21:846=CD.F CONSPIRACY TO
DISTRIBUTE CONTROLLED
SUBSTANCE -- Conspiracy to Possess
with Intent to Distribute at Least 500 Grams
of Methamphetamine, a Schedule II
Controlled Substance
(1)

**Disposition**

Committed to the custody of the BOP for a
term of imprisonment of 84 months to be
served CONCURRENTLY; 5 years
Supervised Release to be served
CONCURRENTLY; $1000 Fine; $100
Special Assessment

18:1956-6801.F MONEY LAUNDERING
- CONTROLLED SUBSTANCE -
SELL/DISTR/DISP
(2)

Committed to the custody of the BOP for a
term of imprisonment of 84 months to be
served CONCURRENTLY; 3 years
Supervised Release to be served
CONCURRENTLY; $1000 Fine; $100
Special Assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

---

**Movant**

**Dallas County, Texas**                    represented by   **Kent Morrison Rider**
3221 Clearview Drive
Austin, TX 78703
(512) 461-8717
Fax: (555) 111-1111
Email: kent.m.rider@gmail.com
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Lori Gruver**
Linebarger, Goggan, Blair and Sampson,
LLP
PO Box 17428
Austin, TX 78760
(512) 447-6675
Fax: (512) 693-0728
Email: LoriG@lgbs.com

*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Movant**

**City of Irving**                              represented by **Kent Morrison Rider**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Lori Gruver**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Movant**

**Dallas Independent School District**         represented by **Kent Morrison Rider**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Lori Gruver**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Movant**

**Dallas County Community College**            represented by **Kent Morrison Rider**
**District**                                    (See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Lori Gruver**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Movant**

**Dallas County School Equalization Fund**   represented by **Kent Morrison Rider**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Lori Gruver**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

---

**Movant**

**Parkland Hospital District**   represented by **Kent Morrison Rider**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

**Lori Gruver**
(See above for address)
*TERMINATED: 12/01/2010*
*ATTORNEY TO BE NOTICED*

---

**Plaintiff**

**USA**   represented by **Daniel M. Castillo**
U.S. Attorney's Office
816 Congress Avenue
Suite 1000
Austin, TX 78701
(512) 916-5858
Fax: 512/916-5854
Email: daniel.castillo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sheffield Freel**
United States Attorneys Office
816 Congress Avenue

Suite 1000
Austin, TX 78701
(512) 916-5858
Fax: (512) 916-5855
Email: jennifer.freel@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph H. Gay , Jr.**
Assistant U.S. Attorney
601 N.W. Loop 410
Suite 600
San Antonio, TX 78216
(210) 384-7030
Fax: 210 384-7031
Email: Joseph.Gay@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Frazier**
U.S. Attorney's Office
800 Franklin
Suite 280
Waco, TX 76701
(254) 750-1580
Fax: 254/750-6664
Email: Mark.Frazier@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary F. Kucera**
United States Attorney's Office
800 Franklin
Suite 280
Waco, TX 76701
(254) 750-1580
Email: mary.kucera@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Condron**
U.S. Attorney's Office

800 Franklin
Suite 280
Waco, TX 76701
(252) 750-1580
Email: Brenda.Wright@usdoj.gov
*TERMINATED: 12/01/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2010 | 145 | MOTION to Seal Indictment by USA as to Patricia Solares, Sergio Padron, Jade Kuhn. (mc, ) (Entered: 03/15/2010) |
| 03/09/2010 | 146 | ORDER GRANTING 145 USA's Motion to Seal Indictment as to Patricia Solares (12), Sergio Padron (13), Jade Kuhn (14). Signed by Judge Jeffrey C. Manske. (mc, ) (Entered: 03/15/2010) |
| 03/09/2010 | 147 | SEALED SECOND SUPERSEDING INDICTMENT (Redacted Version) with Notice of Forfeiture included as to Defendants. Unredacted document sealed pursuant to E-Government Act of 2002 as to Patricia Solares (12) count(s) 1, 2, Sergio Padron (13) count(s) 1, 2, Jade Kuhn (14) count(s) 1, 2. (mc, ) (Entered: 03/15/2010) |
| 03/09/2010 | 152 | ORDER FOR ISSUANCE OF Bench Warrant as to Jade Kuhn. Signed by Judge Jeffrey C. Manske. (mc, ) (Entered: 03/15/2010) |
| 03/09/2010 | 153 | Bench Warrant Issued by Judge Jeffrey C. Manske as to Jade Kuhn. (mc, ) (Entered: 03/15/2010) |
| 04/06/2010 | | Arrest of Jade Kuhn in Northern District of Texas - Ft. Worth/Irving, Texas. (mc, ) (Entered: 04/07/2010) |
| 04/07/2010 | 214 | Bench Warrant Returned Executed on 4/6/10 as to Jade Kuhn. (mc, ) (Entered: 04/08/2010) |
| 04/07/2010 | | INDICTMENT UNSEALED as to Jade Kuhn (mc, ) (Entered: 05/04/2010) |
| 04/14/2010 | 218 | Rule 5(c)(3) Documents Received from Northern District of Texas, Dallas Division (their case no: 3:10-mj-131-BF-1) as to Jade Kuhn (sm3, ) (Entered: 04/15/2010) |
| 04/21/2010 | 220 | ORDER as to Jade Kuhn. Arraignment set for 4/22/2010 02:00 PM before Judge Jeffrey C. Manske. Signed by Judge Jeffrey C. Manske. (sm3, ) (Entered: 04/21/2010) |
| 04/21/2010 | 221 | CJA 20 as to Jade Kuhn. Signed by Judge Jeffrey C. Manske. (sm3, ) (Entered: 04/22/2010) |

| 04/22/2010 | 222 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jade Kuhn Signed by Judge Jeffrey C. Manske. (sm3, ) (Entered: 04/22/2010) |
|---|---|---|
| 04/22/2010 | 223 | ORDER OF DETENTION: Bond set to NO BOND as to Jade Kuhn. Signed by Judge Jeffrey C. Manske. (sm3, ) (Entered: 04/22/2010) |
| 04/26/2010 | 225 | SCHEDULING ORDER as to Jade Kuhn Plea Agreement due by 5/10/2010. Should a plea agreement be reached, rearraignment will be held at 1:00 p.m., 5/13/10. Hearing on pending motions will be held at 1:00 p.m., 5/7/10. Jury Selection set for 5/24/2010 09:00AM before Judge Walter S. Smith. Jury Trial set for 5/24/2010 09:00 AM before Judge Walter S. Smith. Signed by Judge Walter S. Smith. (mc, ) (Entered: 04/26/2010) |
| 04/26/2010 | 226 | Order Concerning Courtroom Decorum and Trial Procedures as to Jade Kuhn. Signed by Judge Walter S. Smith. (mc, ) (Entered: 04/26/2010) |
| 05/10/2010 | 242 | FACTUAL BASIS by USA as to Jade Kuhn (Condron, Sean) (Entered: 05/10/2010) |
| 05/13/2010 | 249 | Minute Entry for proceedings held before Judge Walter S. Smith: Rearraignment held on 5/13/2010; Plea of guilty entered as to Jade Kuhn (14) Count 1,2; Guilty Plea Accepted by Court as to Jade Kuhn (14) Count 1,2. Referred to Probation for Presentence Report. Dft continued in custody pending sentencing. (Minute entry documents are not available electronically.) (Court Reporter Kristie Davis.) (mc, ) (Entered: 05/13/2010) |
| 05/13/2010 | 253 | ORDER as to Tommy Scott, Sergio Padron, Jade Kuhn, ( Sentencing set for 7/28/2010 01:00 PM before Judge Walter S. Smith.). Signed by Judge Walter S. Smith. (mc, ) (Entered: 05/17/2010) |
| 06/23/2010 | 294 | PRO SE MOTION to Appoint Counsel by Jade Kuhn. (mc, ) (Entered: 06/23/2010) |
| 06/25/2010 | 295 | ORDER as to Jade Kuhn re 294 MOTION to Appoint Counsel filed by Jade Kuhn, 294 MOTION to Appoint Counsel ( Motion Hearing set for 6/30/2010 01:00 PM before Judge Walter S. Smith.). Signed by Judge Walter S. Smith. (mc, ) (Entered: 06/28/2010) |
| 06/29/2010 | 299 | MOTION to Withdraw Document 294 MOTION to Appoint Counsel by Jade Kuhn. (eel, ) (Entered: 06/30/2010) |
| 07/21/2010 | 307 | SEALED MOTION filed (Striegler, Steven) (Entered: 07/21/2010) |
| 07/26/2010 | 312 | ORDER GRANTING 307 Sealed Motion as to Jade Kuhn (14). Signed by Judge Walter S. Smith. (eel, ) (Entered: 07/27/2010) |
| 07/26/2010 | | Reset Hearings as to Jade Kuhn: Sentencing set for 9/8/2010 01:00 PM before Judge Walter S. Smith. (eel, ) (Entered: 07/27/2010) |
| 07/27/2010 | 310 | MOTION *for Entry of a Money Judgment of Forfeiture* by USA as to Robert Barry Salter, Dwight Baker, Tommy Scott, Sergio Padron, Jade Kuhn. (Freel, Jennifer) (Entered: 07/27/2010) |
| 07/27/2010 | 314 | SEALED MOTION filed (Attachments: # 1 Sensitive Investigative Matter. # 2 Proposed |

| | | Order) (eel, ) (Entered: 07/29/2010) |
|---|---|---|
| 08/03/2010 | 318 | ORDER GRANTING 310 Motion for entry of Money Judgment of Forfeiture as to Robert Barry Salter (6), Dwight Baker (9), Tommy Scott (10), Sergio Padron (13), Jade Kuhn (14). Signed by Judge Walter S. Smith. (eel, ) (Entered: 08/04/2010) |
| 08/16/2010 | 332 | NOTICE *of Process Receipt and Return as to Respondent $810,000.00 Money Judgment served on August 10, 2010* by USA as to Robert Barry Salter, Dwight Baker, Tommy Scott, Sergio Padron, Jade Kuhn (Freel, Jennifer) (Entered: 08/16/2010) |
| 08/16/2010 | 333 | NOTICE *of Process Receipt and Return as to the Department of Treasury, Internal Revenue Service served on August 10, 2010* by USA as to Robert Barry Salter, Dwight Baker, Tommy Scott, Sergio Padron, Jade Kuhn (Freel, Jennifer) (Entered: 08/16/2010) |
| 08/17/2010 | | Text Order GRANTING 299 Motion to Withdraw Document as to Jade Kuhn (14) Entered by Judge Walter S. Smith. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ss) (Entered: 08/17/2010) |
| 08/25/2010 | 340 | SEALED MOTION filed (Attachments: # 1 Sensitive Investigative Matter, # 2 Proposed Order) (eel, ) (Entered: 08/25/2010) |
| 08/27/2010 | 341 | Sealed Order. Signed by Judge Walter S. Smith. (eel, ) (Entered: 08/27/2010) |
| 08/27/2010 | 342 | Sealed Document filed (eel, ) (Entered: 08/30/2010) |
| 09/03/2010 | 348 | SEALED MOTION filed (Striegler, Steven) (Entered: 09/03/2010) |
| 09/03/2010 | 349 | SEALED MOTION filed (Striegler, Steven) (Entered: 09/03/2010) |
| 09/03/2010 | 351 | DEFICIENCY NOTICE: re 348 SEALED MOTION filed. as to Jade Kuhn (eel, ) (Entered: 09/03/2010) |
| 09/03/2010 | 352 | DEFICIENCY NOTICE: re 349 SEALED MOTION filed. as to Jade Kuhn (eel, ) (Entered: 09/03/2010) |
| 09/03/2010 | 353 | SEALED MOTION filed (Striegler, Steven) (Entered: 09/03/2010) |
| 09/09/2010 | | Text Order GRANTING 353 Sealed Motion as to Jade Kuhn (14) Sentencing in this case will be continued until Wednesday, october 20, 2010 at 1:00 p.m. Entered by Judge Walter S. Smith. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ss) (Entered: 09/09/2010) |
| 09/09/2010 | | Set/Reset Deadlines/Hearings as to Jade Kuhn: Sentencing set for 10/20/2010 01:00 PM before Judge Walter S. Smith. (eel, ) (Entered: 09/20/2010) |
| 10/18/2010 | 381 | SEALED MOTION filed (Striegler, Steven) (Entered: 10/18/2010) |
| 10/18/2010 | | Text Order GRANTING 381 Sealed Motion as to Jade Kuhn (14) Sentencing in this |

| | | |
|---|---|---|
| | | case will be continued until Tuesday, November 23, 2010 at 1:00 p.m. Entered by Judge Walter S. Smith. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ss) (Entered: 10/18/2010) |
| 10/18/2010 | | Reset Hearings as to Jade Kuhn: Sentencing reset for 11/23/2010 01:00 PM before Judge Walter S. Smith. (sm3, ) (Entered: 10/19/2010) |
| 11/16/2010 | 402 | SEALED MOTION filed (Condron, Sean) (Entered: 11/16/2010) |
| 11/23/2010 | 416 | Minute Entry for proceedings held before Judge Walter S. Smith:Sentencing held on 11/23/2010 for Jade Kuhn (14), Count(s) 1, Committed to the custody of the BOP for a term of imprisonment of 84 months to be served CONCURRENTLY; 5 years Supervised Release to be served CONCURRENTLY; $1000 Fine; $100 Special Assessment; Count(s) 2, Committed to the custody of the BOP for a term of imprisonment of 84 months to be served CONCURRENTLY; 3 years Supervised Release to be served CONCURRENTLY; $1000 Fine; $100 Special Assessment; Statement of Dft and Counsel heard; Objections to Pre-Sentence Report Waived; Pre-Sentence report sealed; Court advised Dft of right to appeal; Dft continued in custody; Court recommends that the dft be incarcerated at the Fort Worth, Texas facility. (Minute entry documents are not available electronically.) (Court Reporter Kristie Davis.) (eel, ) (Entered: 11/23/2010) |
| 11/23/2010 | 417 | Letter in re appeal as to Jade Kuhn (eel, ) (Entered: 11/23/2010) |
| 11/23/2010 | | SEALED PRESENTENCE INVESTIGATION REPORT placed under seal as to Jade Kuhn (eel, ) (Entered: 11/23/2010) |
| 12/01/2010 | | Attorney Mary Frances Kucera for USA added (eel, ) (Entered: 12/01/2010) |
| 12/01/2010 | 422 | JUDGMENT AND COMMITMENT as to Jade Kuhn. Signed by Judge Walter S. Smith. (eel, ) (Entered: 12/02/2010) |
| 12/01/2010 | 423 | Sealed Statement of Reasons as to Jade Kuhn (SOR documents are not available electronically.) (eel, ) (Entered: 12/02/2010) |
| 12/01/2010 | | True Name of Defendant as to Jade Kuhn. True name of defendant is: Jade Ann Guilbeau. (eel, ) (Entered: 12/08/2010) |
| 02/14/2011 | 444 | NOTICE of Process Receipt and Return as to Department of Treasury, Internal Revenue Service served on August 10. 2010 by USA as to Robert Barry Salter, Dwight Daniel Baker, Tommy Scott, Sergio Padron, Jade Ann Guilbeau (Freel, Jennifer) (Entered: 02/14/2011) |
| 02/14/2011 | 445 | NOTICE of Process Receipt and Return as to $810.000.00 Money Judgment served on August 10. 2010 by USA as to Robert Barry Salter, Dwight Daniel Baker, Tommy Scott, Sergio Padron, Jade Ann Guilbeau (Freel, Jennifer) (Entered: 02/14/2011) |
| 05/03/2011 | | Sealed PSI and Statement of Reasons as to Jade Ann Guilbeau returned to Probation Office (eel, ) (Entered: 05/05/2011) |

| 04/19/2013 | 530 | SEALED MOTION filed (Kucera, Mary) (Entered: 04/19/2013) |
| 04/30/2013 | 533 | Sealed Order. Signed by Judge Walter S. Smith. (ad) (Entered: 04/30/2013) |
| 07/29/2013 | 537 | MOTION to Reduce Sentence by Jade Ann Guilbeau. (Attachments: # 1 Exhibit)(ad) (Entered: 07/30/2013) |
| 08/01/2013 | | Text Order DENYING 537 Motion to Reduce Sentence as to Jade Ann Guilbeau (14) Entered by Judge Walter S. Smith.There is no legal basis for the Defendant's request. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ss) (Entered: 08/01/2013) |
| 08/01/2013 | | Copy of Text Order entered 7/31/13 mailed to Jade Ann Guilbeau (Kuhn). (ad) (Entered: 08/01/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/03/2015 16:38:28 | | | |
| **PACER Login:** | libraryus4502:2653874:0 | **Client Code:** | null |
| **Description:** | Docket Report | **Search Criteria:** | 6:09-cr-00191-WSS |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

**FILED**

MAR 0 9 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. W-09-CR-191 |
| | § | |
| Plaintiff, | § | **SECOND SUPERSEDING INDICTMENT** |
| | § | |
| v. | § | [Vio:   COUNT ONE: 21 U.S.C. § 846 {21 |
| | § | U.S.C. § 841(a)(1) & 841 (b)(1)(A)(viii)}: |
| ROBERT BARRY SALTER (6), | § | Conspiracy to Possess with Intent to |
| JOHN MILLIGAN (8), | § | Distribute at Least 500 Grams of |
| aka Johnny Yahoo | § | Methamphetamine, a Schedule II Controlled |
| DWIGHT BAKER (9), | § | Substance; COUNT TWO: 18 U.S.C. § |
| aka Danny | § | 1956(h): Conspiracy to Commit Money |
| TOMMY SCOTT (10), | § | Laundering] |
| aka Scotty Scott | § | |
| JAMES JOHNSON (11), | § | |
| PATRICIA SOLARES (12), | § | |
| aka Patricia Betancourt, | § | |
| aka Patricia Regalado, | § | |
| SERGIO PADRON (13), | § | |
| JADE KUHN (14) | § | |
| | § | |
| Defendants. | § | |

THE GRAND JURY CHARGES:

**COUNT ONE**
**[21 U.S.C. § 846 {21 U.S.C. § 841(a)(1) & 841 (b)(1)(A)(viii)}]**

Beginning in at least July 2007, the exact date unknown, and continuing until the present

time, in the Western District of Texas and elsewhere, Defendants,

ROBERT BARRY SALTER,
JOHN MILLIGAN,
aka Johnny Yahoo,
DWIGHT BAKER,
aka Danny,
TOMMY SCOTT,
aka Scotty Scott,
JAMES JOHNSON,
PATRICIA SOLARES,
aka Patricia Betancourt,
aka Patricia Regalado,
SERGIO PADRON,

**JADE KUHN,**

and others, both known and unknown to the Grand Jury, did unlawfully and willfully combine,

conspire, confederate, and agree together and with each other and others, to possess with intent to

distribute a controlled substance, which offense involved at least 500 grams of a mixture or

substance containing a detectable amount of Methamphetamine, a Schedule II Controlled

Substance, contrary to Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii), and

in violation of Title 21, United States Code, Section 846.

### COUNT TWO
### [18 U.S.C. 1956(h)]

Beginning in at least July 2007, the exact date unknown, and continuing until the present

time, in the Western District of Texas and elsewhere, Defendants,

**ROBERT BARRY SALTER,**
**JOHN MILLIGAN,**
**aka Johnny Yahoo,**
**DWIGHT BAKER,**
**aka Danny,**
**TOMMY SCOTT,**
**aka Scotty Scott,**
**JAMES JOHNSON,**
**PATRICIA SOLARES,**
**aka Patricia Betancourt,**
**aka Patricia Regalado,**
**SERGIO PADRON,**
**JADE KUHN,**

and others, both known and unknown to the Grand Jury, did knowingly combine, conspire,

confederate, and agree together and with each other and others, to commit an offense as defined by

Title 18, United States Code, Section 1956(a)(1), namely, knowing that the property involved in a

financial transaction represented the proceeds of some form of unlawful activity, did conduct or

attempt to conduct such a financial transaction, affecting interstate and foreign commerce, which

in fact involved the proceeds of specified unlawful activity, that is, the felonious receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 846,

- with the intent to promote the carrying on of the said specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and

- knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the said specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

### The Scheme, Manner, and Means of the Conspiracy

The conspiracy was executed in the following manner and through the following means:

Beginning in at least July 2007, **ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, JADE KUHN,** and others began to acquire quantities of Methamphetamine, a Schedule II Controlled Substance, for distribution. The controlled substances were transported through the Western District of Texas and elsewhere.

In order to facilitate this illegal enterprise, **ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, JADE KUHN,** and others, upon receipt of the controlled substances, would then "front" the controlled substances (the practice of buying and selling narcotics on consignment) to distributors. The controlled substances were delivered to

other distributors including persons who would distribute the controlled substances and transport the currency in the Western District of Texas, Waco Division. The controlled substances would eventually be sold and the currency collected. The currency would then be delivered to the distributors and forwarded on to the suppliers.

The currency generated from the sale of controlled substances was used to purchase assets. Some of these assets were used to further the ongoing illegal activity. Other assets were placed in nominee names to conceal their true ownership and control. All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Controlled Substance Forfeiture Statutes and Violations
**[Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), subject to forfeiture pursuant to Fed.R.Crim.P. 32.2 and Title 21 U.S.C. §§ 853(a)(1) and (a)(2)]**

As a result of the foregoing criminal violations as set forth in Count One, which are punishable by imprisonment for more than one year, **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN** shall forfeit to the United States the below-described property, pursuant to Title 21 U.S.C. §§ 853(a)(1) and (a)(2), which state the following:

> Title 21 U.S.C. § 853(a).   Criminal forfeitures
> (a) Property subject to criminal forfeiture
> Any person convicted of a violation of this subchapter or subchapter II of this chapter shall forfeit to the United States . . .
>> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

This Notice of Demand for Forfeiture includes but is not limited to the property described below in paragraphs III and IV.

## II.
### Money Laundering Forfeiture Statutes and Violations
**[Title 18 U.S.C. 1956(h) subject to forfeiture pursuant to Fed.R.Crim.P. 32.2 and Title 18 U.S.C. § 982(a)(1)]**

As a result of the foregoing criminal violations as set forth in Count Two, which are punishable by imprisonment for more than one year, **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka ~~Johnny Yahoo~~), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN,** shall forfeit to the United States of America the below-described property, pursuant to Title 18 U.S.C. § 982(a), which states the following:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957, or 1960 of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

This Notice of Demand for Forfeiture includes but is not limited to the property described below in paragraphs III and IV.

## III.
### Real Property

A.   **All right, title and interest of DEFENDANT DWIGHT BAKER (aka Danny) in the following real property is subject to forfeiture to the United States of America:**

Real property located at **713 Fenimore, Irving, Dallas County, Texas,** whose legal description is Lot three (3), in Block "B," of Bellview Addition, an addition to the City of Irving, Texas, according to the Map or Plat recorded in Vol. 10, P. 181, Map Records of Dallas County, Texas.

B.   **All right, title and interest of DEFENDANT PATRICIA SOLARES (akas Patricia**

<u>Betancourt and Patricia Regalado) in the following real property is subject to</u>
<u>forfeiture to the United States of America:</u>

Real property located at **8611 Mattie Lane, Ellis County, Waxahachie, Texas**, whose legal description is Lot 6, Block C, of La Vista Estates, Phase Two, an Addition in Ellis County, Texas, according to the Plat thereof recorded in Cabinet E, Slide 200, Plat Records, Ellis County, Texas.   RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY:   Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.

## IV.
## <u>Money Judgment</u>

As a result of the foregoing criminal violations as set forth in Counts One (1) and Two (2),

**DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo),**

**DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON,**

**PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO**

**PADRON, and JADE KUHN,** shall forfeit to the United States, pursuant to Title 21 U.S.C. §§

853(a)(1) and 853(a)(2) and Title 18 U.S.C. § 982(a)(1), the following described Money Judgment

of Forfeiture:

A sum of money equal to eight hundred and ten thousand Dollars in United States currency ($810,000) representing the amount of proceeds obtained, directly or indirectly, as a result of the violations set out in the above described Counts and for which **DEFENDANTS ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER (aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and JADE KUHN** are jointly and severally liable.

## V.
## <u>Substitute Assets</u>
### [Title 18 U.S.C. § 982(b)(2) and Title 21 U.S.C. § 853(p);
### see Fed.R.Crim.P. 32.2]

If any of the real and/or personal properties or money judgment described above as being

6

subject to forfeiture for violations of Title 18 U.S.C. § 1956(h), Title 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A)(viii), and 846 and subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1) and

Title 21 U.S.C. §§ 853(a)(1) and (a)(2), as a result of any act or omission of **DEFENDANTS**

**ROBERT BARRY SALTER, JOHN MILLIGAN (aka Johnny Yahoo), DWIGHT BAKER**

**(aka Danny), TOMMY SCOTT (aka Scotty Scott), JAMES JOHNSON, PATRICIA**

**SOLARES (akas Patricia Betancourt and Patricia Regalado), SERGIO PADRON, and**

**JADE KUHN:**

   a.   **cannot be located upon the exercise of due diligence;**
   b.   **has been transferred or sold to, or deposited with, a third person;**
   c.   **has been placed beyond the jurisdiction of the Court;**
   d.   **has been substantially diminished in value; or**
   e.   **has been commingled with other property which cannot be subdivided without difficulty;**

it is the intent of the United States of America to seek forfeiture of any other property to include the

properties listed, up to the value of said forfeitable property and money judgment described above in

Paragraph IV.

A TRUE BILL. SEALED DOCUMENT PURSUANT
TO E-GOVERNMENT ACT OF 2002

_____
FOREPERSON

JOHN E. MURPHY
United States Attorney

By: _____
SEAN M. CONDRON
Assistant United States Attorney

7

SEALED ___X___
UNSEALED_____

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

DATE:  __03-09-2010__     MAG CT. #_____     CASE NO. __W-09-CR-191__
COUNTY: _McLENNAN_

CHIEF JUDGE WALTER S. SMITH, JR.
ASSISTANT U. S. ATTORNEY _____SEAN M. CONDRON_____

DEFENDANT: __PATRICIA SOLARES (12)_____     DOB: ███████████████

CITIZENSHIP:        United States _X_  Mexican _____   Other _____
INTERPRETER NEEDED: Yes _____    No __X___   Language _____

DEFENSE ATTORNEY: _____

DEFENDANT IS:   In Jail ____NO___   WHERE: _____
                On Bond __NO___

PROSECUTION BY:     INFORMATION _____          INDICTMENT _____
                   SECOND SUPERSEDING INDICTMENT __X__  (Adding Defs 12-14)

OFFENSE: (Code & Description) __COUNT ONE: 21 U.S.C. 846 {21 U.S.C. 841(a)(1) & 841(b)(1)(A)(viii) –
Conspiracy to Possess With Intent to Distribute at Least 500 Grams of Methamphetamine, a Schedule II Controlled
Substance; COUNT TWO: 18 U.S.C. 1956(h) – Conspiracy to Commit Money Laundering_____

OFFENSE IS:        FELONY __X__          MISDEMEANOR _____

MAXIMUM SENTENCE: __COUNT ONE: Not less than 10 years nor more than life custody; $4,000,000 fine;
$100 special assessment; at least 5 years TSR; COUNT TWO:  Not more than 20 years custody; not more than
$500,000 fine or twice the value of the property involved in the transaction, whichever is greater; $100 special
assessment; not more than 5 years TSR_____

PENALTY IS MANDATORY:     YES concerning:
                          Special Assessment and TSR
                          Mandatory Minimum

REMARKS:████████████████████████████

SEALED ___X___
UNSEALED____

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

DATE: ___03-09-2010___     MAG CT. #_____     CASE NO. ___W-09-CR-191___
COUNTY: _McLENNAN_

CHIEF JUDGE WALTER S. SMITH, JR.
ASSISTANT U. S. ATTORNEY _____ SEAN M. CONDRON _____

DEFENDANT: ___SERGIO PADRON (13)___     DOB: ██████████

CITIZENSHIP:     United States _X_   Mexican _____     Other _____
INTERPRETER NEEDED: Yes _____     No ___X___     Language _____

DEFENSE ATTORNEY: _____

DEFENDANT IS:   In Jail ___NO___   WHERE: _____
                On Bond ___NO___

PROSECUTION BY:     INFORMATION _____        INDICTMENT _____
                    SECOND SUPERSEDING INDICTMENT _X_  (Adding Defs 12-14)

OFFENSE: (Code & Description) _COUNT ONE: 21 U.S.C. 846 {21 U.S.C. 841(a)(1) & 841(b)(1)(A)(viii) – Conspiracy to Possess With Intent to Distribute at Least 500 Grams of Methamphetamine, a Schedule II Controlled Substance; COUNT TWO: 18 U.S.C. 1956(h) – Conspiracy to Commit Money Laundering_

OFFENSE IS:     FELONY ___X___          MISDEMEANOR _____

MAXIMUM SENTENCE:_  COUNT ONE: Not less than 10 years nor more than life custody; $4,000,000 fine; $100 special assessment; at least 5 years TSR; COUNT TWO:  Not more than 20 years custody; not more than $500,000 fine or twice the value of the property involved in the transaction, whichever is greater; $100 special assessment; not more than 5 years TSR_

PENALTY IS MANDATORY:     YES concerning:
                          Special Assessment and TSR
                          Mandatory Minimum

REMARKS: ████████████████████████████

SEALED ___X___
UNSEALED____

**PERSONAL DATA SHEET**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

DATE:  __03-09-2010__        MAG CT. #_____        CASE NO. __W-09-CR-191__
COUNTY:  _McLENNAN_

CHIEF JUDGE WALTER S. SMITH, JR.
ASSISTANT U. S. ATTORNEY _____ SEAN M. CONDRON _____

DEFENDANT: __JADE KUHN (14)_____        DOB: __██████████_____

CITIZENSHIP:        United States _X__ Mexican _____        Other _____
INTERPRETER NEEDED: Yes _____        No __X_____        Language _____

DEFENSE ATTORNEY: _____

DEFENDANT IS:   In Jail ___NO___   WHERE: _____
                On Bond __NO___

PROSECUTION BY:        INFORMATION _____        INDICTMENT _____
                SECOND SUPERSEDING INDICTMENT __X__ (Adding Defs 12-14)

OFFENSE: (Code & Description) __COUNT ONE: 21 U.S.C. 846 {21 U.S.C. 841(a)(1) & 841(b)(1)(A)(viii) –
Conspiracy to Possess With Intent to Distribute at Least 500 Grams of Methamphetamine, a Schedule II Controlled
Substance; COUNT TWO: 18 U.S.C. 1956(h) – Conspiracy to Commit Money Laundering_____

OFFENSE IS:        FELONY ___X_____        MISDEMEANOR _____

MAXIMUM SENTENCE:  __COUNT ONE: Not less than 10 years nor more than life custody; $4,000,000 fine;
$100 special assessment; at least 5 years TSR; COUNT TWO:  Not more than 20 years custody; not more than
$500,000 fine or twice the value of the property involved in the transaction, whichever is greater; $100 special
assessment; not more than 5 years TSR_____

PENALTY IS MANDATORY:        YES concerning:
                Special Assessment and TSR
                Mandatory Minimum

REMARKS: ██████████████████████████████

AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

**FILED**

DEC 0 1 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
            DEPUTY CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JADE KUHN
(TRUE NAME: JADE ANN GUILBEAU),

    Defendant.

Case Number   W-09-CR-191(14)
USM Number   39764-177

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JADE ANN GUILBEAU, was represented by Steven K. Striegler.

The defendant pled guilty to Count One (1) and Two (2) of the Second Superseding Indictment on May 13, 2010. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC 846 {21 USC 841(a)(1) & 841(b)(1)(A)(viii)} | Conspiracy to Possess with Intent to Distribute at Least 500 Grams of Methamphetamine, a Schedule II Controlled Substance | 03/09/10 | 1 |
| 18 USC 1956(h) | Conspiracy to Commit Money Laundering | 03/09/10 | 2 |

As pronounced on November 23, 2010, the defendant is sentenced as provided in Pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 1st day of December, 2010.

_____
**WALTER S. SMITH JR.**
**United States District Judge**

AO 245 B (Rev. 06/05)(W.D.TX.) - Imprisonment

Judgment--Page 2

Defendant: JADE ANN GUILBEAU
Case Number: W-09-CR-191(14)

### IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of EIGHTY-FOUR (84) MONTHS as to Count One (1) and EIGHTY-FOUR (84) MONTHS as to Count Two (2) with the terms imposed to be served CONCURRENTLY with each other.

    The Court makes the following recommendations to the Bureau of Prisons:  That the defendant be incarcerated at the Fort Worth, Texas, facility.

    If the Bureau of Prisons does not comply with this recommendation, it shall promptly notify the Court in writing of its reasons therefor.

    The defendant shall remain in custody pending service of sentence.

### RETURN

    I have executed this Judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
              Deputy Marshal

AO 245 B (Rev. 06/05)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant:  JADE ANN GUILBEAU
Case Number:  W-09-CR-191(14)

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Count One (1) and THREE (3) YEARS as to Count Two (2) with the terms imposed to be served CONCURRENTLY with each other.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court as set forth on Pages 4 and 5 of this judgment.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 4

Defendant:  JADE ANN GUILBEAU
Case Number:  W-09-CR-191(14)

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

1) The defendant shall not commit another federal, state, or local crime.

2) The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

3) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

4) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5) The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

6) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

7) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

8) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Standard Conditions:**

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquires by the Probation Officer and follow the instructions of the Probation Officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

10) The defendant shall permit a Probation Officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the Probation Officer.

11) The defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 5

Defendant:  JADE ANN GUILBEAU
Case Number:  W-09-CR-191(14)

14) If convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4), or has a prior conviction of a State or local offense that would have been an offense as described in 18 U.S.C. § 4042 (c)(4) if a circumstance giving rise to Federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) If the defendant is excluded, deported, or removed upon release from imprisonment, the term of supervised release shall be a non-reporting term of supervised release. The defendant shall not illegally re-enter the United States. If the defendant lawfully re-enters the United States during the term of supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

18) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

19) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

20) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

The Court further adopts such of the following special conditions applied to the supervised person by the judge at the time of sentencing:

1) **COMMUNITY CONFINEMENT:** The defendant shall reside in a Community Corrections Center for a period of _____ months to commence on _____. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for his/her subsistence as long as that amount does not exceed the daily contract rate.

2) **HOME DETENTION:** The defendant shall participate in the Home Confinement Program for a period of _____ days/months. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem," "caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The court further orders that the defendant shall pay for the costs of Home Confinement, as directed by the probation officer.

3) **COMMUNITY SERVICE:** The defendant shall perform _____ hours of community service work without pay, at a location approved by the probation officer, at a minimum rate of four hours per week, to be completed during the first _____ months of supervision.

AO 245 B (Rev. 06/05)(W.D.TX.) - CMP

Judgment--Page 6

Defendant:  JADE ANN GUILBEAU
Case Number:  W-09-CR-191(14)

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court,  800 Franklin Avenue, Room 380, Waco, Texas 76701.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTAL: | $200.00 | $2,000.00 | $0 |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $200.00.   Payment of this sum shall begin immediately.

### Fine

The defendant shall pay a fine of $2,000.00.   Payment of this sum shall begin immediately.  The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).   The fine is below guideline range because of the defendant's inability to pay a fine within the guideline range.  This amount is the total of the fines imposed on individual counts, as follows:  $1,000.00 as to Count One (1) and $1,000.00 as to Count Two (2).

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest,  (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B (Rev. 06/05)(W.D.TX.) - Forfeiture

Judgment--Page 7

Defendant:  JADE ANN GUILBEAU
Case Number:  W-09-CR-191(14)

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

A sum of money equal to EIGHT HUNDRED AND TEN THOUSAND DOLLARS in United States currency ($810,000.00)
representing the amount of proceeds obtained, directly or indirectly, as a result of the violations set out in the above described
Counts and for which Defendants Lucretia Williams (1), Elizabeth Carrier Hoffman (2), Vonda Armstrong (3), Jose Padron (4),
Terry Kellum (5), Robert Barry Salter (6), John Milligan (8), Dwight Baker (9), Tommy Scott (10), James Johnson (11), Patricia
Solares (12), Sergio Padron (13) and Jade Kuhn (14) are jointly and severally liable.